10-4213-ag
Wang v. Holder

BIA
Hom, IJ
A088 377 970

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:
>    JOSÉ A. CABRANES,
>    ROBERT A. KATZMANN,
>    DENNY CHIN,
>         *Circuit Judges.*

_____

YU WANG WANG,
>         *Petitioner,*

>    v.                                    10-4213-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl H. McIntyre, Jr.,
                       Assistant Director; Kate D. Balaban,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part, and DENIED in part.

Yu Wang Wang, a native and citizen of China, seeks review of a September 28, 2010, order of the BIA affirming the July 14, 2008, decision of an Immigration Judge ("IJ"), which denied Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuwang Wang,* No. A088 377 970 (B.I.A. Sept. 28, 2010), *aff'g* No. A088 377 970 (Immig. Ct. N.Y. City July 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**Asylum – Pretermission**

In pretermitting Wang's asylum application as untimely, the agency found that a receipt indicating that Wang stayed

2

in a hotel in China, dated March 2007, was insufficient evidence that his June 2007 asylum application was filed within one year of his entry into the United States. The IJ found that this document was entitled to "very little evidentiary weight," noting that the receipt was: (1) unauthenticated; (2) mailed to Wang after his arrival in the United States; and (3) a tax receipt reflecting a payment by the hotel to the tax bureau, which raised questions as to why Wang's name was on the receipt and how he was able to obtain it. Wang argues that the IJ erred in requiring authentication for the receipt because it is not an official document but was "issued by a private business." Because this argument does not raise a question of law, as it turns on the factual nature of the document, it is outside the statutory ambit of our review. 8 U.S.C. §§ 1158(a)(2)(B), 1252(a)(2)(D); *Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007) (per curiam). Accordingly, the petition is dismissed as to the denial of asylum.

**Withholding of Removal**

The agency's adverse credibility determination is supported by substantial evidence. Wang's argument that the determination was based on speculation and conjecture is

3

unavailing.  The IJ found implausible Wang's assertion that although he publicly expressed his anger about China's family planning policy many times between 1997 and 2006, he was not arrested or even confronted by the authorities until 2006.  Given Wang's testimony that he spoke out against the government in the crowded center of his village on many occasions between 1997 and 2006, and his explanation that he was not confronted by the authorities because no one reported him, the IJ reasonably concluded that the testimony was implausible when "viewed in the light of common sense and ordinary experience."  *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).  The IJ also reasonably relied on Wang's failure to provide a detailed description of what he said when allegedly condemning China's family planning policy, as the record supports the IJ's observation that Wang "gave very little in the way of details and specifics as to what he expressed in opposition to the [family planning] policy" other than "express[ing] anger and curs[ing] the cadres."  *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir. 2003)*, overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc).

In finding Wang not credible, the agency further relied on two inconsistencies in his testimony.  Wang testified that he feared returning to China because he had "violated [the] family planning policy."  As the IJ noted, however, according to Wang's earlier testimony, he did not violate the policy, but waited the required four years after the birth of his first child and was permitted by the family planning authorities to have a second child.  The IJ also found that Wang was inconsistent as to the number of hours he was held in detention, observing that although Wang testified that he was taken into custody about 14 hours before his release, he also stated that he was detained "[a]bout a little over ten hours."  Although minor, this inconsistency is supported by the record.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

Having found Wang not credible, the IJ reasonably noted Wang's lack of corroborative evidence.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Although Wang argues that the IJ erred in giving little weight to a letter

from his wife, we have recognized that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Matter of H-L-H-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010). In sum, the IJ's reasonable findings of implausibility, inconsistencies, vagueness, and lack of corroboration, taken together, adequately support the agency's adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

For the foregoing reasons, the petition for review is DISMISSED in part, and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6